UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHAWN BRIAN COOK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:10-CV-05073-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment noted for hearing without oral argument on August 19, 2011. (ECF Nos. 18, 20.) Attorney Thomas Bothwell represents Plaintiff, Shawn Brian Cook. Special Assistant United States Attorney David R. Johnson represents the Commissioner of Social Security (Defendant). The parties have consented to disposition by a magistrate. (ECF No. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff protectively filed for Supplemental Security Income (SSI) on February 28, 2007. (Tr. 116.) Plaintiff alleged onset date of September 1, 2001. (Tr. 9.) Plaintiff alleges disability due to ruptured discs in his neck and lower back and subsequent pain and arthritis, depression, and learning disabilities. (Tr. 134.) Benefits were denied initially and on reconsideration. (Tr. 74-77, 79-80.) On October 1, 2007, Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.S. Chester on July 22, 2009. (Tr. 9-18.) Plaintiff, represented

by counsel, Thomas Bothwell, testified via video from Kennewick. (Tr. 31-68.) The ALJ presided from Spokane with medical expert Arthur Lorber, M.D. testifying by phone and vocational expert (VE) Sharon Welter testifying in person in Spokane. (*Id.*) On September 15, 2009, ALJ Chester issued a decision finding Plaintiff not disabled. (*Id.*) Fourteen months later, the Appeals Council denied review on May 3, 2010. (Tr. 1-3.) The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 29, 2010. (ECF No. 4.)

## STATEMENT OF THE CASE

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both Plaintiff and Defendant, and will only be summarized here. Plaintiff was 45 years old when he applied for benefits and 47 years old when the ALJ filed his decision. (Tr. 130.) Plaintiff is right handed. (Tr. 127.) Plaintiff testified he currently lives with two of his children, a roommate and her children and another roommate. (Tr. 59-60.) Plaintiff is divorced. (Tr. 221.) Plaintiff testified to a 9th grade education, with special education from fifth through ninth grades. (Tr. 49-50.) Plaintiff states he last worked as an auto mechanic in 2000. (Tr. 135.) Plaintiff also testified to work on a pipeline doing construction and as an industrial cleaner. (Tr. 50.) Plaintiff testified he would be unable to return to his former position as an industrial cleaner because of his neck and lower back, an inability to lift heavy things and an inability to look in one direction without facial and finger numbness. (Tr. 53.) Plaintiff testified to needing to lay down at least seven times during a regular 8 a.m. to 5 p.m. day. (Tr. 57.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999); *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Sec. of Health and Human Serv.,* 846 F.2d 573, 576 (9th Cir. 1988).

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 399. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1098; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988) (*per curiam*). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disabled individual" as one who "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. § 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other

substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one, ALJ Chester found Plaintiff had not engaged in substantial gainful activity since February 28, 2007, the application date. (Tr. 11, Finding 1.) At step two, the ALJ found Plaintiff suffered from severe impairments of degenerative disk disease of the cervical and lumbar regions of the spine and a learning disability not otherwise specified. (Tr. 12, Finding 2.) At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13, Finding 3.) At step four, the ALJ found Plaintiff had the RFC to perform a wide range of light work, with some limitations. (Tr. 14, Finding 4.) The ALJ found Plaintiff's other alleged limitations "not credible." (Tr. 14.) In addition, the ALJ found Plaintiff would be unable to perform his past relevant work. (Tr. 17, Finding 5.) The ALJ found the Plaintiff is a "younger individual age 18-49" with a limited education and also an ability to communicate in English. (Tr. 17, Findings 6-7.) At step five, through the testimony of a vocational expert, and considering Plaintiff's age, education, work experience and residual functional capacity, the ALJ determined Plaintiff could perform other jobs in the national economy. (Tr. 18, Finding 9.) As a result of Plaintiff's ability to perform other jobs in the national economy, the ALJ concluded Plaintiff has not been under a disability as defined in the Act since the date his application was filed. (Tr. 19, Finding 10.)

## ISSUES

Plaintiff argues that the ALJ erred (1) in rejecting Plaintiff's mental health impairments as groundless at step two of the sequential evaluation process; (2) in rejecting improperly the opinions of Plaintiff's treating physician Dr. Lilagan and Plaintiff's examining psychologist Dr. Barnard; and (3) at step five by issuing an incomplete hypothetical to the Vocational Expert (VE) and in failing to ascertain whether the VE's testimony conflicted with the Dictionary of Occupational Titles (DOT). (ECF No. 19 at 7-8.) Asserting the ALJ appropriately considered the evidence and made a decision based on substantial evidence, the Commissioner asks the Court to affirm the ALJ's decision. (ECF No. 21 at 10, 19.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

**DISCUSSION**

**A.    OPINION EVIDENCE**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). In evaluating medical evidence, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). A treating or examining physician's opinion which is contradicted can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews*, 53 F.3d at 1043. The burden to state specific and legitimate reasons may be met by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating an interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The opinion of a nonexamining medical expert is not substantial evidence to support rejection of a treating or examining doctor's opinion. *Lester*, 81 F.3d at 831. In addition to the medical expert's testimony, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes*, 881 F.2d at 751-52. Further, "[w]here medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Id.* at 751 (internal citations and quotations omitted).

The medical evidence at issue includes diagnoses made by Philip Barnard, Ph.D. of cognitive disorder, not otherwise specified and somatoform disorder, not otherwise specified. (ECF No. 19

at 11-17.)¹ Plaintiff argues the ALJ erred by rejecting Dr. Barnard's diagnoses of cognitive and somatoform disorders as severe at step two. (ECF No. 19 at 11-12.) Defendant answers that the ALJ properly rejected Dr. Barnard and further, the ALJ's error at step two, if any, was harmless because the ALJ did not reject Plaintiff's mental condition as groundless, considered the mental condition in subsequent steps, and resolved step two in Plaintiff's favor, citing *Burch v. Barnart*, 400 F.3d 676, 682 (9th Cir. 2005). (ECF No. 21 at 9-10.)

In rejecting Dr. Barnard's limitations², the ALJ states, "The limitations assessed by Dr. Barnard are not well-supported and has [sic] been rejected particularly in light of the results of the psychological examinations in March and June 2007 which established that the claimant did not have an emotional disorder." (*Id.*) As the ALJ points out, Dr. Barnard's February 2007 diagnoses are contradicted by examinations conducted in March and June 2007 by Sunderland Family Treatment Services (Tr. 219-223) and Thomas Genthe, Ph.D. (Tr. 224-229). (Tr. 12.) Because Dr. Barnard's opinion is contradicted, the ALJ must state specific and legitimate reasons to reject it.

---

¹ Plaintiff does not seem to challenge the ALJ's determination that Dr. Lilagan's diagnosis of bipolar disorder shows Plaintiff "has not had a medically determinable mood disorder for a period of 12 consecutive months." (Tr. 12.) Plaintiff specifically states the ALJ's error was in his failure to recognize Plaintiff's cognitive and somatoform disorders were severe. (ECF No. 11.) As a result, the court will not address this issue.

² The ALJ only addresses rejection of Dr. Barnard's opinion in his discussion of the Dr. Barnard's alleged limitations (Tr. 17), while Plaintiff challenges the ALJ's rejection of Dr. Barnard's diagnoses. (ECF No. 19 at 11.) Because a reviewing court can read the adjudicator's summary of the evidence and findings and draw specific and legitimate inferences based on substantial evidence, *Magallanes*, 881 F.2d at 755, it is reasonable to infer the ALJ rejected Dr. Barnard's diagnoses for the same reasons given in rejection of Dr. Barnard's limitations.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

*Andrews*, 53 F.3d at 1043. Here, the ALJ summarizes the findings of both Sunderland Family Treatment Services and Dr. Genthe. (Tr. 12.) The ALJ found the opinion of Dr. Genthe more persuasive based on the objective tests he administered. (*Id.*) Both Dr. Barnard and Dr. Genthe are examining physicians, and it is the province of the ALJ to resolve ambiguities and/or conflicts in the medical evidence; this court may not second guess his determinations as long as they are supported by the record. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *Andrews,* 53 F.3d at 1039 (if supported by substantial evidence, findings of the Commissioner shall be affirmed even if "evidence is susceptible to more than one rational interpretation"). Because the ALJ's decision to reject the diagnoses of Dr. Barnard is supported by the record, this finding is affirmed.

**B.    Step Two**

At step two, the ALJ must consider the combined effect of a claimant's impairments, severe and non-severe, without regard to whether each alone is sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923. An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (internal quotation marks omitted); *see Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988). The Commissioner has stated that "[i]f an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step." *Social Security Ruling* (*SSR*) 85-28.[3]

---

[3] Social Security Rulings are issued to clarify the Commissioner's regulations and policy. They are not published in the federal register and do not have the force of law. However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations. *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991). The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

The failure to properly evaluate the evidence in finding an impairment non-severe may be harmless error if the ALJ continues to consider the limitations stemming from the non-severe impairments throughout the sequential evaluation process. *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Plaintiff argues the ALJ's failure to include either Plaintiff's cognitive disorder or somatoform disorder as severe impairments is erroneous. (ECF No. 19 at 11-12.) Because Dr. Barnard is the only provider to diagnose Plaintiff with somatoform and cognitive disorders, the ALJ's proper rejection of Dr. Barnard's opinion, discussed above, is an appropriate basis upon which to reject Dr. Barnard's diagnoses. Further, the evidence as a whole does not support that Plaintiff's somatoform and cognitive disorders are severe. Plaintiff did not seek treatment for either impairment; Plaintiff has made no complaints to providers about his mental health other than to report depression. Further, the ALJ's hypothetical posed to the VE had a limitation to "simple or well learned" tasks. This hypothetical shows the ALJ found some of Plaintiff's psychological limitations were based on substantial evidence, and the ALJ considered them throughout the sequential evaluation process. Therefore, the ALJ's rejection of Plaintiff's diagnoses by Dr. Barnard of somatoform and cognitive disorders at step two is supported by substantial evidence and is affirmed. Further, if the ALJ erred at this step, the error is harmless because the ALJ continued to consider limitations arising from Plaintiff's mental impairments throughout the sequential evaluation process. Remand is therefore unnecessary.

**C.    Credibility**

Plaintiff alleges "the ALJ improperly rejected the claimant's own subjective complaints with little more than vague assertions that they were unsupported by the evidence and inconsistent with his daily activities." (ECF No. 19 at 13 n.1.) Defendant argues the ALJ's credibility finding was supported by substantial evidence. (ECF No. 21 at 9.) The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity." (Tr. 14.) It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

---

in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

1995). Once the claimant produces medical evidence of an underlying impairment, the ALJ may not discredit his testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in his allegations of limitations or between his statements and conduct, daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Fair v. Bowen*, 885 F.2d 597, n.5 (9th Cir. 1989); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999); *Fair*, 885 F.2d at 604.

Here, the ALJ gave specific reasons for finding Plaintiff not credible including inconsistencies between Plaintiff's testimony of "constant pain" and reports to Plaintiff's doctors (Tr. 14), inconsistencies between Plaintiff's alleged limitations and his activities of daily living (Tr. 15), and lack of objective evidence to support the level of pain reported (*Id.*). The ALJ's reasons are supported by substantial evidence and well explained in the decision. The ALJ found Plaintiff told providers he was not in constant pain. (Tr. 225, 403, 372, 397, 395.) As for Plaintiff's pain being inconsistent with his activities of daily living, the ALJ's decision is proper here too. Plaintiff's activities suggest he is not in constant pain as he had testified. Plaintiff has stated he is able to clean house and play with his son. (Tr. 219.) Plaintiff reports no significant difficulty with household tasks such as vacuuming, taking out the trash, dusting, washing dishes or doing laundry. (Tr. 226.) Plaintiff also admitted to being able to shop and help with cooking dinner and laundry. (*Id.*) While courts have held claimants "should not be penalized for attempting to lead normal lives in the face of their limitations," *Reddick*, 157 F.3d at 722, the activities cited by the ALJ are incompatible with Plaintiff's allegation of constant pain. The ALJ's reliance on Plaintiff's activities of daily living as inconsistent with his reported pain is proper.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

As for rejection of Plaintiff's pain because it was not supported by objective evidence, this reason is erroneous only if it is the sole basis upon which Plaintiff's credibility is questioned. *Reddick*, 157 F.3d at 722 (citation omitted); *see also Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986). Because the ALJ's other two reasons are proper, the lack of objective evidence is not the only reason for rejecting the Plaintiff's pain testimony and the ALJ did not err. The ALJ's credibility determination is therefore affirmed.

**D.    Step Four - Dr. Lilagan**

Plaintiff also argues the ALJ erred at step four in rejecting the limitations found by Plaintiff's treating doctor, Meneleo Lilagan, M.D. (ECF No. 19 at 13-16.) Defendant contends the ALJ's rejection of Dr. Lilagan's limitations is proper. (ECF No. 21 at 10-13.) In rejecting Dr. Lilagan's limitations, the ALJ relied on the testimony of medical expert, Arthur Lorber, M.D. and found Dr. Lilagan's limitations inconsistent with the record. (Tr. 16.) As stated above, the testimony of a non-examining medical expert by itself is not substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989). While treating physician opinions are not controlling on issues reserved to the Commissioner, *SSR* 96-5p, to reject the contradicted opinion of a treating physician, the ALJ must state specific and legitimate reasons supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Further, the "reasons must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

Here, Dr. Lorber's opinion contradicts Dr. Lilagan's so specific and legitimate reasons are needed to reject Dr. Lilagan's limitations. *Lester*, 81 F.3d at 830. The ALJ rejected Dr. Lilagan's limitations based on (1) the credibility of Plaintiff; (2) inconsistencies between it and other substantial evidence in the record; and (3) inconsistencies between it and medical expert Dr. Lorber's opinion. (Tr. 15-16.) As discussed above, the ALJ properly found Plaintiff not credible so the ALJ's reliance here is not in error. As for Dr. Lilagan's limitations being inconsistent with other substantial evidence in the record, the ALJ summarized the medical evidence in the record. The ALJ pointed specifically to objective tests such as MRI, EMG, nerve conduction studies and a neurosurgeon's report which contradict the limitations alleged by Dr. Lilagan. (Tr. 15, referencing

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

Tr. 193-94, 296-98, 289, 283-84, 357-58, 360-61, 351-53, 355.) The ALJ may meet his burden of stating specific and legitimate reasons to reject the opinion of a treating physician by summarizing the evidence and making an interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ's summary of the evidence and conclusion that the evidence does not support Dr. Lilagan meets his burden, and the ALJ's rejection of Dr. Lilagan's limitations on these grounds is not erroneous.

Finally, while the opinion of a reviewing medical expert alone can not serve as substantial evidence to support rejection of a treating physician's opinion, *Lester*, 81 F.3d at 831, the ALJ's reliance is not in error. The ALJ relied not only on Dr. Lorber's opinion but also on the ALJ's determination Plaintiff is not credible and the objective evidence which shows Dr. Lilagan's opinion is not consistent with the objective medical evidence. Dr. Lilagan's opinion and Plaintiff's argument it should be credited offer only another interpretation of the evidence. However, the court is constrained to affirm the ALJ's interpretation even if the Plaintiff offers another reasonable interpretation so long as the ALJ's interpretation is supported by substantial evidence and is made without legal error. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *Andrews,* 53 F.3d at 1039 (if supported by substantial evidence, findings of the Commissioner shall be affirmed even if "evidence is susceptible to more than one rational interpretation"). Because the ALJ does not rely solely on Dr. Lorber's opinion but also on the substantial evidence in the record which supports him such as the objective tests administered to Plaintiff, the ALJ's decision to reject Dr. Lilagan's alleged limitations is not in error and the ALJ is affirmed.

E.     **Step Five - Hypotheticals & VE Testimony**

The ALJ's hypothetical given to the VE will be affirmed so long as it contains all the limitations which the ALJ finds credible and supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005); *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989). In the hypothetical posed to the VE here, the ALJ included only those limitations which were supported by substantial evidence and did not depend on Plaintiff's subjective complaints. As the ALJ's decision to reject limitations found by Drs. Barnard and Lilagan and find Plaintiff incredible

was proper (see above), the ALJ did not err in not including these properly rejected limitations in the hypothetical presented to the VE.

Plaintiff also argues error at step five because "the ALJ failed to meet his 'affirmative responsibility' to ensure that the VE's testimony was consistent with the DOT." (ECF No. 19 at 19.) Defendant argues "[t]he ALJ appropriately inquired about and resolved conflicts with the Dictionary of Occupational Titles (DOT)." (ECF No. 21 at 15.) The ALJ states, "Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 18.) *Social Security Ruling* (*SSR*) 00-4p requires an ALJ to provide a reasonable explanation for any conflicts between occupational evidence furnished by a vocational expert and information in the DOT. The ALJ must clarify the discrepancy in the opinion only where there is an apparent unresolved conflict that arises between the vocational expert's testimony and the DOT. *SSR* 00-4p. "An ALJ may rely on expert testimony which contradicts the DOT [so long as] as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala,* 60 F.3d 1428, 1435-36 (9th Cir.1995).

Here, the ALJ asked the VE to tell "us if anything in [her] testimony is contradicted by the DOT" and the VE responded that she will provide that information. (Tr. 64.) Later, in discussing jobs which might be available in the national economy which Plaintiff could perform despite his limitations, the VE states, "Basically, although it's a light RFC, it's less than light and more over lifting." (Tr. 67.) The VE went on to state Plaintiff would be able to perform three jobs: sewing machine operator, production assembler and cashier II. (*Id.*) The VE also explained that while the three jobs (sewing machine operator, production assembler and cashier II) fell under the category of "light" work which Plaintiff could not do due to his maximum lifting weight restriction of 10 pounds, "per the unskilled employment quarterly, half of all such sewing machine jobs are sedentary.... Per labor market survey, half of all such production assembler jobs are sedentary...." (Tr. 67.) As for the cashier II classification, "per the unskilled employment quarterly, 12 percent of all such jobs are sedentary...."

While the ALJ states the VE's testimony is consistent with the DOT, the testimony of the VE shows that there was conflict between the VE's testimony and the DOT. However, even if there

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 13

is a conflict between the VE's testimony and the DOT, the ALJ may rely on the expert testimony which conflicts with the DOT so long as the record contains persuasive evidence to support the deviation. *Johnson*, 60 F.3d at 1435-36. As the Defendant points out (ECF No. 21 at 16), the VE did give sufficient explanation of the conflict between her testimony and the DOT. The VE's testimony noted the jobs she identified required "light" exertion and Plaintiff was limited to lifting no more than 10 pounds while the light exertion level requires lifting up to 20 pounds. The VE then noted that in reliance on the Unskilled Employment Quarterly and a labor market survey, some portion of those "light" jobs were actually performed in a seated position and were therefore better classified as "sedentary"–a classification requiring lifting within the limitations of Plaintiff's abilities. As such, the VE provided substantial justification for her conflicting testimony. The ALJ did not err in relying on the medical expert's testimony for the determination Plaintiff could perform other work in the national economy. The ALJ's step 5 finding is therefore affirmed.

**F.     Conclusion**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1.     Defendant's Motion for Summary Judgment **(Ct. Rec. 20 )** is **GRANTED**.

2.     Plaintiff's Motion for Summary Judgment **(Ct. Rec. 18)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED August 22nd, 2011.


                      S/ JAMES P. HUTTON
                 UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 14